******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# FLORA B. CANALES *v.* COMMISSIONER OF CORRECTION
## (AC 43321)

Bright, C. J., and Alvord and Clark, Js.

*Syllabus*

The petitioner, who had been convicted of murder, sought a writ of habeas corpus. The respondent, the Commissioner of Correction, filed a request, pursuant to statute (§ 52-470 (c) and (e)), for an order to show cause as to why the petitioner should be permitted to proceed despite her delay in filing her petition. The petitioner filed an objection to the request for an order to show cause in which she admitted that she filed an untimely petition. She alleged, however, that certain factors, including her age, mental illness, her inability to understand postconviction proceedings and her reliance on the assistance of others, impacted the timely filing of her petition. Following a hearing at which the petitioner failed to present any witnesses or offer any exhibits, the habeas court dismissed the petition for a writ of habeas corpus on the ground that it was untimely. Thereafter, the court denied the petition for certification to appeal, and the petitioner appealed to this court. *Held* that the habeas court did not abuse its discretion in denying the petitioner's petition for certification to appeal following its determination that she had failed to demonstrate good cause to overcome the statutory presumption of unreasonable delay in filing her petition; in the present case, in which she was required to provide some evidence of the reason for the delay, the petitioner failed to provide the habeas court with any information connecting her age, mental illness, lack of knowledge or reliance on others with her failure to timely file her habeas petition and, although she was provided with a meaningful opportunity to rebut the statutory presumption at the show cause hearing, habeas counsel chose not to present witnesses or offer exhibits.

Argued September 20—officially released December 6, 2022

*Procedural History*

Petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland, where the court, *Newson, J.*, rendered judgment dismissing the petition; thereafter, the court denied the petition for certification to appeal, and the petitioner appealed to this court. *Appeal dismissed.*

*Robert L. O'Brien*, assigned counsel, with whom, on the brief, was *William A. Adsit*, assigned counsel, for the appellant (petitioner).

*Michele C. Lukban*, senior assistant state's attorney, with whom, on the brief, were *Paul Ferencek*, state's attorney, and *Leah Hawley*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

ALVORD, J. The petitioner, Flora B. Canales, appeals following the denial of her petition for certification to appeal from the judgment of the habeas court dismissing her petition for a writ of habeas corpus pursuant to General Statutes § 52-470 (c) (2) and (e). On appeal, the petitioner claims that the court abused its discretion in denying her petition for certification to appeal following its determination that the petitioner had failed to demonstrate good cause to overcome the statutory presumption of unreasonable delay. We disagree and, therefore, dismiss the appeal.

The following facts and procedural history are relevant to our resolution of this appeal. After a jury trial, the petitioner was convicted of one count of murder in violation of General Statutes § 53a-54a. *State* v. *Canales*, 281 Conn. 572, 574, 916 A.2d 767 (2007). The trial court sentenced the petitioner to a total effective term of fifty years of imprisonment and, on March 13, 2007, our Supreme Court affirmed the judgment of conviction on direct appeal. Id., 575–76.

More than ten years after our Supreme Court's disposition of her direct appeal, the petitioner, on October 30, 2017, filed the petition for a writ of habeas corpus that is at issue in this appeal.[1] The respondent, the Commissioner of Correction, filed a request with the habeas court, pursuant to § 52-470 (c) and (e), for an order to show cause as to "why [the petitioner] should be permitted to proceed despite [her] delay in filing the instant habeas corpus petition."

Thereafter, the petitioner filed an objection to the respondent's request for an order to show cause. In her objection, the petitioner admitted that she filed her petition on October 30, 2017, and recognized that she "had until October 1, 2017, to file a timely petition." In support of her assertion of good cause, the petitioner stated that she had "been seeking relief since the imposition of her sentence in October, 2003"; had taken a direct appeal of her conviction in November, 2003; and "attempted 'another appeal,' on the advice of a cellmate," which ultimately "led her to sentence review, although that was not her intention."[2] Additionally, she asserted that, "in 2007 she completed a petition for [a] writ of habeas corpus, which she gave to another inmate to mail into court for her," and that "she never heard anything from the court and [was] unsure if the petition ever made it to the court, or if the court was merely 'uninterested.' " Moreover, the petitioner asserted that she "ha[d] reached out to several [attorneys], seeking advice and representation in pursuit of relief" but that she ultimately filed her petition "upon the suggestion of an [aide] who assists [her] with medical issues . . . ." Finally, her objection set forth that she was sixty-seven years old, "ha[d] been diagnosed, per the

Department of Correction, with a delusional disorder," and that she "[was] not one who has filed numerous petitions" or "had any other known habeas cases heard by the court."

On March 8, 2019, the court, *Newson, J.*, held a show cause hearing, during which the following colloquy occurred:

"The Court: Okay. Again, it's the respondent's motion. Again, the court did review the motion. I think in this matter there is an objection that's been filed. Does the respondent desire to present any additional witnesses or evidence?

"[The Respondent's Counsel]: No, Your Honor.

"The Court: Okay. Petitioner?

"[The Petitioner's Counsel]: Your Honor, I would rest on the papers.

"The Court: Okay. Anything additional?

"[The Respondent's Counsel]: No, Your Honor.

"[The Petitioner's Counsel]: Nothing additional, Your Honor.

"The Court: Okay. The court will take the matter under advisement, and I will issue a written decision on this matter in due course."

Thereafter, on May 21, 2019, the court issued a memorandum of decision dismissing the petitioner's petition for a writ of habeas corpus. In its decision, the court concluded that the petitioner's petition was untimely because she "had until October 1, 2017, to file the present petition, however, it was not filed until October 30, 2017." The court recognized that, "[w]hile this would seem a relatively minor delay, her original conviction became final ten years prior, with the issuance of the Supreme Court decision on March [13], 2007."[3] Moreover, the court noted that, although the petitioner had filed a timely objection to the respondent's request for an order to show cause, "the petitioner declined the opportunity to present evidence or exhibits in opposition to the [respondent's] motion" at the evidentiary hearing. The court concluded that, "[o]nce the rebuttable presumption arose, the petitioner was obligated to provide *some* evidence of the reason for the delay, which she declined to do." (Emphasis in original.) Thereafter, the petitioner filed a petition for certification to appeal, which the court denied. This appeal followed.

After the petitioner and the respondent filed their principal briefs, this court issued its decision in *Kelsey* v. *Commissioner of Correction*, 202 Conn. App. 21, 244 A.3d 171 (2020), aff'd, 343 Conn. 424, 274 A.3d 85 (2022). Thereafter, the petitioner filed her reply brief. On February 1, 2021, prior to oral argument before this court, this court notified the parties that they should be pre-

pared to address the effect of its decision in *Kelsey* on this appeal. After our Supreme Court granted the initial petition for certification to appeal in *Kelsey*; *Kelsey* v. *Commissioner of Correction*, 336 Conn. 912, 244 A.3d 562 (2021); this court stayed its consideration of this appeal pending the final disposition of *Kelsey*. Following the issuance of our Supreme Court's decision in *Kelsey* v. *Commissioner of Correction*, 343 Conn. 424, 274 A.3d 85 (2022), the parties were ordered to file supplemental briefs "addressing the impact of *Kelsey* . . . on this appeal."

We begin by setting forth the legal principles and standard of review that govern our review of a habeas court's denial of a petition for certification to appeal. "Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the [denial] of [her] petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, [the petitioner] must demonstrate that the denial of [her] petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, [she] must then prove that the decision of the habeas court should be reversed on the merits. . . . To prove that the denial of [her] petition for certification to appeal constituted an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . In determining whether the habeas court abused its discretion in denying the petitioner's request for certification, we necessarily must consider the merits of the petitioner's underlying claims to determine whether the habeas court reasonably determined that the petitioner's appeal was frivolous. In other words, we review the petitioner's substantive claims for the purpose of ascertaining whether those claims satisfy one or more of the three criteria . . . adopted by [our Supreme Court] for determining the propriety of the habeas court's denial of the petition for certification." (Internal quotation marks omitted.) *Michael G.* v. *Commissioner of Correction*, 214 Conn. App. 358, 363–64, 280 A.3d 501 (2022).

"[A] habeas court's determination regarding good cause under § 52-470 (e) is reviewed on appeal only for abuse of discretion. Thus, [w]e will make every reasonable presumption in favor of upholding the trial court's ruling[s] . . . . In determining whether there has been an abuse of discretion, the ultimate issue is whether the court . . . reasonably [could have] conclude[d] as it did."[4] (Internal quotation marks omitted.) *Kelsey* v. *Commissioner of Correction*, supra, 343

Conn. 440.

On appeal, the petitioner claims that the habeas court erred in dismissing her habeas petition because "she certainly did not fail to provide any evidence, as the habeas court decided."[5] The petitioner argues that her objection to the respondent's request for an order to show cause "should have been sufficient for the habeas court to make a determination of whether [she had] established good cause." We disagree.

Section 52-470 (c) provides in relevant part: "[T]here shall be a rebuttable presumption that the filing of a petition challenging a judgment of conviction has been delayed without good cause if such petition is filed after . . . October 1, 2017 . . . ." Section 52-470 (e) provides in relevant part that, "[i]n a case in which the rebuttable presumption of delay under subsection (c) . . . of this section applies, the court, upon the request of the respondent, shall issue an order to show cause why the petition should be permitted to proceed. The petitioner or, if applicable, the petitioner's counsel, shall have a meaningful opportunity to investigate the basis for the delay and respond to the order. If, after such opportunity, the court finds that the petitioner has not demonstrated good cause for the delay, the court shall dismiss the petition. . . ."

"Nothing in [§ 52-470] (e) expressly addresses whether the petitioner may present argument or evidence, or file exhibits, or whether and under what circumstances the court is required to hold a hearing, if the court should determine that doing so would assist in making its determination. The only express procedural requirement is stated broadly. The court must provide the petitioner with a 'meaningful opportunity' both to investigate the basis for the delay and to respond to the order to show cause. General Statutes § 52-470 (e). The phrase 'meaningful opportunity' is not defined in the statute. That phrase typically refers, however, to the provision of an opportunity that comports with the requirements of due process. . . . The lack of specific statutory contours as to the required 'meaningful opportunity' suggests that the legislature intended for the court to exercise its discretion in determining, considering the particular circumstances of the case, what procedures should be provided to the petitioner in order to provide him with a meaningful opportunity, consistent with the requirements of due process, to rebut the statutory presumption." (Citations omitted.) *Kelsey* v. *Commissioner of Correction*, 329 Conn. 711, 722–23, 189 A.3d 578 (2018).

"[T]o rebut successfully the presumption of unreasonable delay in § 52-470, a petitioner generally will be required to demonstrate that something outside of the control of the petitioner or habeas counsel *caused or contributed to the delay*." (Emphasis added; internal quotation marks omitted.) *Kelsey* v. *Commissioner of*

*Correction*, supra, 343 Conn. 441–42. The following non-exhaustive list of factors aid in determining whether a petitioner has satisfied the definition of good cause: "(1) whether external forces outside the control of the petitioner had any bearing on the delay; (2) whether and to what extent the petitioner or [her] counsel bears any personal responsibility for any excuse proffered for the untimely filing; (3) whether the reasons proffered by the petitioner in support of a finding of good cause are credible and are supported by evidence in the record; and (4) how long after the expiration of the filing deadline did the petitioner file the petition." (Internal quotation marks omitted.) Id., 442.

In her objection to the respondent's request for an order to show cause, the petitioner asserted that her (1) age, sixty-seven; (2) mental illness, delusional disorder as diagnosed by the Department of Correction; (3) inability to understand postconviction proceedings; and (4) reliance on the assistance of others impacted her timely filing of her petition for a writ of habeas corpus. Consistent with § 52-470 (e), the court provided the petitioner with a "meaningful opportunity" to respond to the respondent's request for an order to show cause, in the form of an evidentiary hearing. During the hearing, as set forth previously in this opinion, the court expressly asked the petitioner's counsel whether he would be presenting witnesses or evidence, to which the petitioner's counsel responded, "I would rest on the papers" and that he had "[n]othing additional . . . ."

To rebut the statutory presumption of unreasonable delay, the petitioner was "required to demonstrate that something outside of the control of the petitioner or habeas counsel *caused or contributed to the delay*." (Emphasis in original; internal quotation marks omitted.) *Velez* v. *Commissioner of Correction*, 203 Conn. App. 141, 152, 247 A.3d 579, cert. denied, 336 Conn. 942, 250 A.3d 40 (2021). It is well established that for a mental disease or disorder to constitute good cause for an untimely petition for a writ of habeas corpus, a petitioner must demonstrate "how [her] deficiencies contributed to the delay in filing [her] . . . habeas petition." Id., 153; see also, e.g., *Ortiz* v. *Commissioner of Correction*, 211 Conn. App. 378, 389, 272 A.3d 692 (because petitioner failed to demonstrate connection between mental health deficiency and late filing of petition, habeas court "did not err in its determination that the petitioner failed to satisfy his evidentiary burden of demonstrating that something outside of his control, in this case, a mental deficiency, caused or contributed to the delay in the filing of his petition"), cert. denied, 343 Conn. 927, 281 A.3d 1186 (2022). The same holds true for a petitioner's alleged lack of knowledge of the law. See *Kelsey* v. *Commissioner of Correction*, supra, 343 Conn. 444–45 ("[T]he legislature did not intend for a petitioner's lack of knowledge of the law, standing alone, to establish that a petitioner has met [her] eviden-

tiary burden of establishing good cause. As with any excuse for a delay in filing, the ultimate determination is subject to the same factors previously discussed, relevant to the petitioner's lack of knowledge: whether external forces outside the control of the petitioner had any bearing on [her] lack of knowledge . . . ." (Footnote omitted.)).

The petitioner failed to provide the habeas court with any information connecting her age, mental illness, lack of knowledge of the law or reliance on others with her failure to timely file her habeas petition. When provided with a meaningful opportunity to rebut the statutory presumption at the show cause hearing, the petitioner chose not to present any witnesses or offer any exhibits. See General Statutes § 52-470 (e); *Kelsey* v. *Commissioner of Correction*, supra, 329 Conn. 723; see also Black's Law Dictionary (9th Ed. 2009) p. 635 (defining evidence as "[s]omething (including testimony, documents and tangible objects) that tends to prove or disprove the existence of an alleged fact"). Therefore, under the circumstances in the present case, which required the petitioner to demonstrate some connection between her alleged mental deficiencies and unfamiliarity with the law and her untimely filing of her petition, the court did not abuse its discretion in determining that "the petitioner was obligated to provide *some* evidence of the reason for the delay, which she declined to do."[6] (Emphasis in original.) Accordingly, the habeas court did not abuse its discretion in determining that the petitioner had failed to establish good cause to overcome the statutory presumption of unreasonable delay.

Therefore, we conclude that the petitioner has failed to demonstrate that her claim involves issues that are debatable among jurists of reason, a court could resolve the issue in a different manner, or the questions presented are adequate to deserve encouragement to proceed further. Thus, the habeas court did not abuse its discretion in denying the petition for certification to appeal.[7]

The appeal is dismissed.

In this opinion the other judges concurred.

[1] In the petition, she alleges that her conviction is illegal because her sentencing was illegal in that "[t]he jury was rigged with people who were related to the judge"; her defense counsel did not represent her properly in that she "told [her] attorney that [she] knew the people in the jury and [defense counsel] told [her] everything would be ok[ay]"; and was the product of an illegal arrest, search, or advice of rights in that, "[a]s soon as [she] opened [her] door the police grabbed [her] with no warning or arrest [warrant]."

[2] In 2010, the Sentence Review Division of the Superior Court affirmed the petitioner's sentence. *State* v. *Canales*, Superior Court, judicial district of Stamford-Norwalk, Docket No. CR-01-139128 (October 5, 2010).

[3] The habeas court's memorandum of decision reflects a date of March 3, 2007. This appears to be a scrivener's error.

[4] In her principal appellate brief, the petitioner argued that "[a]t issue is whether the habeas court properly dismissed a habeas petition . . . [which] is a matter of law, subject to plenary review." (Internal quotation marks

omitted.) Additionally, the petitioner argued that "this matter will involve statutory interpretation of . . . § 52-470, [and] such determinations by the habeas court are subject to plenary review as well." In *Kelsey*, our Supreme Court clarified that the proper standard of review is abuse of discretion. *Kelsey* v. *Commissioner of Correction*, supra, 343 Conn. 440. In her supplemental brief, the petitioner acknowledges that the applicable standard of review is abuse of discretion.

[5] We acknowledge the argument, made by the respondent in his brief and during oral argument before this court, that the petitioner's "single overarching claim before this court, that the habeas court erred in determining that she 'had not presented evidence to rebut the presumption' of no good cause for her late petition . . . raises a question pertaining to the procedure involved in a hearing based on a respondent's request for an order to show cause . . . [and] [b]ecause this claim was not identified in her petition for certification to appeal, the habeas court cannot be said to have abused its discretion in denying further review of this issue and the issue is not reviewable on appeal." We believe that the claims asserted in the petitioner's petition for certification to appeal can be read to encompass the arguments that the petitioner makes on appeal.

[6] In her brief and during oral argument before this court, the petitioner relied on the court's use of the word " 'additional' " when it addressed both counsel during the show cause hearing. Specifically, the petitioner argues that "the habeas court's request for 'additional' information suggested that the habeas court seemed to think that it had a sufficient record upon which it could issue a decision on whether good cause existed. As a result, the habeas court unintentionally signaled to [the] petitioner and [the] petitioner's counsel that any evidence given after [she] submitted her objection would be, in fact, 'additional' to the written proof of good cause already submitted: the objection itself."

Furthermore, the petitioner argues that her objection "set forth several factual assertions upon which, as [she] summated, good cause existed. . . . These factual assertions amounted to a similar type of unsworn assertion that often arises in litigation: an offer of proof." These factual assertions include "her age, mental illness, inability to understand postconviction proceedings, and her reliance on the assistance of others . . . ." Moreover, the petitioner asserts that, "according to [our] Supreme Court," her written objection "may have [been] the preferable form of evidence of good cause." (Emphasis omitted.) We disagree.

"An offer of proof, properly presented, serves three purposes. First, it should inform the court of the legal theory under which the offered evidence is admissible. Second, it should inform the trial judge of the specific nature of the offered evidence so that the court can judge its admissibility. Third, it thereby creates a record adequate for appellate review." (Internal quotation marks omitted.) *Doyle* v. *Kamm*, 133 Conn. App. 25, 36–37 n.7, 35 A.3d 308 (2012). In contrast, "evidence . . . is the means by which alleged matters of fact are properly submitted to the trier of fact for the purpose of proving a fact in issue." (Internal quotation marks omitted.) *Travelers Property & Casualty Co.* v. *Christie*, 99 Conn. App. 747, 761, 916 A.2d 114 (2007). Accordingly, we disagree with the petitioner's assertion that, were her objection to be considered an offer of proof, it would constitute evidence sufficient to demonstrate good cause. To the contrary, if the objection was in fact an offer of proof, it should have been followed by the presentation of evidence when the court gave the petitioner an opportunity to do so, an opportunity that the petitioner declined.

Even if, however, the court in fact considered the representations in the petitioner's objection as evidence, the court did not abuse its discretion in determining that the objection, in and of itself, was insufficient to establish good cause because it did not provide the necessary information connecting her alleged reasons with her failure to timely file her habeas petition. Therefore, although our Supreme Court may have contemplated circumstances under which a petitioner might not need to produce evidence, beyond the court accepting the representations of the petitioner in an objection to a request for an order to show cause as true, this is not one of them. See *Kelsey* v. *Commissioner of Correction*, supra, 329 Conn. 723 ("[t]he lack of specific statutory contours as to the required meaningful opportunity suggests that the legislature intended for the court to exercise its discretion in determining, considering the particular circumstances of the case, what procedures should be provided to the petitioner . . . consistent with the requirements of due process, to rebut the statutory presumption" (internal quotation marks omitted)).

⁷ In her reply and supplemental briefs, the petitioner argues that, because the habeas court did not have the guidance of *Kelsey* v. *Commissioner of Correction*, supra, 343 Conn. 424, when it considered whether there was good cause for the delay in the filing of her petition, this case should be remanded for further proceedings. The petitioner has not directed our attention to any guidance in *Kelsey* that would have required the habeas court in her case to have undertaken a different analysis with respect to the claims she raised in her objection to the respondent's motion for an order to show cause. We therefore decline the petitioner's invitation to remand this case for further proceedings.