******************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

# MARCELINO LASALLE, JR. *v.* COMMISSIONER OF CORRECTION
## (AC 46325)

Bright, C. J., and Cradle and Seeley, Js.

*Syllabus*

The petitioner, who had been convicted of murder, sought a writ of habeas corpus more than two years after the judgment had become final in the petitioner's previous state habeas action. The respondent, the Commissioner of Correction, sought an order to show cause pursuant to statute (§ 52-470 (d) and (e)), asserting that the petition was untimely. At the show cause hearing, the petitioner testified that he had been diagnosed with dyslexia and attention deficit disorder and that he had reading and writing difficulties. The habeas court dismissed the petition as untimely and denied the petition for certification to appeal. On the petitioner's appeal to this court, *held* that the habeas court did not abuse its discretion in denying the petition for certification to appeal following its determination that the petitioner had failed to establish good cause to overcome the statutory presumption of unreasonable delay in the filing of his untimely habeas petition: the habeas court did not find the petitioner's testimony as to his alleged mental deficiencies credible for the purpose of establishing good cause, and this court must defer to the credibility findings of the habeas court based on its firsthand observation of a witness' conduct, demeanor, and attitude; moreover, despite the petitioner's attempt in his appellate brief to explain how his alleged mental deficiencies contributed to the delay in filing his habeas petition, he did not make such an attempt before the habeas court, asserting only that his alleged mental deficiencies affected his ability to read and write and to understand the legal process, and the record revealed that he was able to file both a first state habeas petition and a federal habeas petition as a self-represented party while struggling with the same alleged deficiencies; furthermore, although he testified that he had previously relied on certain fellow inmates acting as jailhouse lawyers to help with filing petitions, the record was devoid of evidence or explanation as to why his alleged mental deficiencies prevented him from utilizing these jailhouse lawyers to file the present petition earlier than he did.

Argued May 16—officially released August 20, 2024

*Procedural History*

Amended petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of

Tolland, where the court, *Newson, J.*, rendered judgment dismissing the petition; thereafter, the court denied the petition for certification to appeal, and the petitioner appealed to this court. *Appeal dismissed.*

*Cheryl A. Juniewic*, assigned counsel, for the appellant (petitioner).

*Meryl R. Gersz*, assistant state's attorney, with whom, on the brief, were *Paul J. Narducci*, state's attorney, and *Elizabeth Moseley*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

CRADLE, J. The petitioner, Marcelino LaSalle, Jr., appeals from the denial of his petition for certification to appeal from the judgment of the habeas court dismissing his petition for a writ of habeas corpus as untimely pursuant to General Statutes § 52-470 (d) and (e).[1] On appeal, the petitioner claims that the habeas

---

[1] General Statutes § 52-470 provides in relevant part: "(a) The court or judge hearing any habeas corpus shall proceed in a summary way to determine the facts and issues of the case, by hearing the testimony and arguments in the case, and shall inquire fully into the cause of imprisonment and thereupon dispose of the case as law and justice require. . . .

"(d) In the case of a petition filed subsequent to a judgment on a prior petition challenging the same conviction, there shall be a rebuttable presumption that the filing of the subsequent petition has been delayed without good cause if such petition is filed after the later of the following: (1) Two years after the date on which the judgment in the prior petition is deemed to be a final judgment due to the conclusion of appellate review or the expiration of the time for seeking such review; (2) October 1, 2014; or (3) two years after the date on which the constitutional or statutory right asserted in the petition was initially recognized and made retroactive pursuant to a decision of the Supreme Court or Appellate Court of this state or the Supreme Court of the United States or by the enactment of any public or special act. For the purposes of this section, the withdrawal of a prior petition challenging the same conviction shall not constitute a judgment. The time periods set forth in this subsection shall not be tolled during the pendency of any other petition challenging the same conviction. Nothing in this subsection shall create or enlarge the right of the petitioner to file a subsequent petition under applicable law.

"(e) In a case in which the rebuttable presumption of delay . . . applies, the court, upon the request of the respondent, shall issue an order to show

court abused its discretion in denying his petition for certification to appeal following its determination that the petitioner had failed to demonstrate good cause to overcome the statutory presumption of unreasonable delay for the filing of his untimely habeas petition. We disagree and, accordingly, dismiss the appeal.

The following procedural history is relevant to the petitioner's claim on appeal. Following a jury trial, the petitioner was convicted of one count of murder in violation of General Statutes § 53a-54a (a). *State* v. *LaSalle*, 95 Conn. App. 263, 265, 897 A.2d 101, cert. denied, 279 Conn. 908, 901 A.2d 1227 (2006). On July 19, 2004, the trial court sentenced him to fifty-three years of incarceration. This court affirmed his conviction; id., 279; and our Supreme Court denied his petition for certification to appeal. *State* v. *LaSalle*, 279 Conn. 908, 901 A.2d 1227 (2006). The petitioner, then a self-represented party, commenced his first habeas action on August 15, 2006, which was denied on April 29, 2011, after a trial during which he was represented by counsel. This court dismissed the petitioner's appeal from that decision; *LaSalle* v. *Commissioner of Correction*, 139 Conn. App. 910, 56 A.3d 763 (2012), cert. denied, 308 Conn. 916, 62 A.3d 527 (2013); and our Supreme Court, on March 13, 2013, denied his petition for certification to appeal from this court. *LaSalle* v. *Commissioner of Correction*, 308 Conn. 916, 62 A.3d 527 (2013).

In November, 2013, the petitioner commenced a federal habeas action as a self-represented party, and the

cause why the petition should be permitted to proceed. The petitioner or, if applicable, the petitioner's counsel, shall have a meaningful opportunity to investigate the basis for the delay and respond to the order. If, after such opportunity, the court finds that the petitioner has not demonstrated good cause for the delay, the court shall dismiss the petition. For the purposes of this subsection, good cause includes, but is not limited to, the discovery of new evidence which materially affects the merits of the case and which could not have been discovered by the exercise of due diligence in time to meet the requirements of subsection . . . (d) of this section. . . ."

United States District Court for the District of Connecticut denied his petition for a writ of habeas corpus in a memorandum of decision dated July 8, 2014.[2] *LaSalle* v. *Murphy*, United States District Court, Docket No. 3:13CV01703 (JBA) (D. Conn. July 8, 2014).

The petitioner commenced the present habeas action as a self-represented party on October 10, 2019, and filed an amended petition on May 7, 2021. On March 23, 2022, the respondent, the Commissioner of Correction, sought an order to show cause pursuant to § 52-470 (d) and (e), asserting that the petitioner's present habeas petition was filed more than two years after the judgment became final in the petitioner's previous habeas action. The habeas court, *Oliver, J.*, issued an order to show cause for the delay in filing the petition and, on December 16, 2022, the court, *Newson, J.*, held a hearing.

At the hearing, the petitioner, who was then represented by counsel, presented only his own testimony. He testified that he had been diagnosed with dyslexia and attention deficit disorder (ADD) and that, when he was first incarcerated, he could read only at "a first grade, second grade maybe, level" and he could not write. He testified, as to his dyslexia, that "a lot of times, I'll read, I'll try to read, and things will be backwards for me like numbers. A 69, I might see it as 96. And as far as sounds . . . something that might be an 'a' I think is an 'o' and stuff like that." As to his ADD, he testified that, "unless it's something that I really like—

---

[2] The statutory time period, pursuant to § 52-470 (d), for filing a subsequent habeas petition begins running on the date on which the judgment in the prior *state* habeas petition is deemed to be a final judgment; see General Statutes § 52-470 (d); which, in the petitioner's case, was March 13, 2013. The petitioner's federal habeas petition did not toll the running of the statutory time period. See *Felder* v. *Commissioner of Correction*, 348 Conn. 396, 404–405, 306 A.3d 1061 (2024) (concluding that phrase "prior petition" as used in § 52-470 (d) "unambiguously refers only to prior state habeas petitions" and does not include federal habeas petitions).

for instance, I like muscle cars. If I'm reading a magazine about muscle cars, I can focus in pretty good because I enjoy them so much. But if it's something that I don't like or don't understand, while I'm trying to understand, I got three other things in my head, you know, fighting for like attention.''

He also testified that the law is ''nothing I can comprehend. . . . I can't make heads or tails of it.'' He testified that, in filing both his state habeas petitions and his federal habeas petition, he ''had somebody fill it out'' for him. He referred to that person as a ''legal beagle'' and testified that ''legal beagles'' are other inmates who charge for their services and do not have law degrees, and he agreed that inmates are ''at the mercy of their timeline.''

The habeas court dismissed the petitioner's petition in a memorandum of decision dated January 17, 2023. The court reasoned that ''the present action was commenced about three years and ten months beyond the statutory period.[3] . . . Notwithstanding [the petitioner's testimony], [he], although admitting he had help, was able to file his first habeas action as a self-represented person and also made glancing mention of pursuing some sort of federal action that was heard in New York. He also admits that he received information and assistance from jailhouse lawyers with preparing legal paperwork for his prior legal actions, but offered no reason why such assistance was unavailable to guide him after his prior habeas became final in December, 2013.[4] Finally, despite his claimed . . . lack of education and knowledge of the legal system, the petitioner

---

[3] The record reveals that the petitioner commenced the present habeas action approximately six years and seven months after the judgment in his first state habeas case became final, which is approximately four years and seven months after the statutory filing deadline under § 52-470 (d).

[4] The record reveals that the judgment in his prior state habeas became final on March 13, 2013, when our Supreme Court denied his petition for certification to appeal from this court.

was able to manage his way self-represented through a federal habeas corpus trial challenging his conviction. . . .

"[T]he petitioner offers no truly credible evidence of any external factors outside the control of the petitioner resulting in the present petition being filed nearly four years beyond the allowable two year period. The court finds that there has been no good cause for the delay. . . . [T]he petition for writ of habeas corpus is dismissed." (Citations omitted; emphasis omitted; footnotes added; internal quotation marks omitted.) The petitioner then filed a petition for certification to appeal from the habeas court's dismissal of his petition for writ of habeas corpus, which the habeas court denied. This appeal followed.

"Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the [denial] of [his] petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, [the petitioner] must demonstrate that the denial of [his] petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, [he] must then prove that the decision of the habeas court should be reversed on the merits. . . . To prove that the denial of [his] petition for certification to appeal constituted an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . In determining whether the habeas court abused its discretion in denying the petitioner's request for certification, we necessarily must

consider the merits of the petitioner's underlying claims to determine whether the habeas court reasonably determined that the petitioner's appeal was frivolous. In other words, we review the petitioner's substantive claims for the purpose of ascertaining whether those claims satisfy one or more of the three criteria . . . adopted by [our Supreme Court] for determining the propriety of the habeas court's denial of the petition for certification. . . .

"[A] habeas court's determination regarding good cause under § 52-470 (e) is reviewed on appeal only for abuse of discretion. Thus, [w]e will make every reasonable presumption in favor of upholding the trial court's ruling[s] . . . . In determining whether there has been an abuse of discretion, the ultimate issue is whether the court . . . reasonably [could have] conclude[d] as it did." (Citation omitted; internal quotation marks omitted.) *Canales* v. *Commissioner of Correction*, 216 Conn. App. 827, 832–33, 286 A.3d 936 (2022), cert. denied, 348 Conn. 905, 302 A.3d 295 (2023).

Here, it is undisputed that the petitioner untimely filed the present habeas petition. On appeal, the petitioner claims that the court abused its discretion by denying his petition for certification to appeal in that it had improperly determined that he did not establish good cause for his delay in filing the present habeas petition. Specifically, the petitioner argues that he demonstrated good cause by testifying that he had been diagnosed with dyslexia and ADD and had resultantly experienced reading and writing difficulties. His alleged diagnoses, he contends, "caused the perfect storm, resulting in his inability to advocate for himself, because he lacked the reading skills, focus and organizational skills necessary to comprehend the legal system and advocate for himself . . . ." He further argues that these "mental and intellectual limitations" led him "to . . . rely on the advice of so-called 'legal beagles' or

'jailhouse lawyers' . . . who did not graduate from law school . . . ." The petitioner asserts, in conclusion, that "[t]he mere fact that [he] admittedly suffers from dyslexia and [ADD] proves that both medical conditions . . . establish good cause pursuant to the criteria as defined in . . . § 52-470, in that external forces outside of the control of the petitioner caused the delay in the filing of his pro se petition . . . ."[5] We disagree.

"[T]o rebut successfully the presumption of unreasonable delay in § 52-470, a petitioner generally will be required to demonstrate that something outside of the

[5] The petitioner asserts three additional arguments that we need not address. First, in his reply brief and, through counsel, at oral argument before this court, he argued that he was ignorant of the filing deadline and that this, combined with his alleged mental deficiencies, established good cause for the delay in filing his petition. Although the petitioner testified during his habeas trial that he was unaware of § 52-470 and that he would have filed his petition sooner if he had been aware of the statutory deadline, he did not make an argument as to ignorance of the law in his principal appellate brief. Similarly, he also argued, in his reply brief, and, through counsel, at oral argument before this court, that he was not able to timely file his petition in part because "none of his prior attorneys discussed the timeline for the filing of successive habeas petitions . . . ." We decline to address either of these arguments, which were raised before this court only in the petitioner's reply brief; see *Lewis* v. *Commissioner of Correction*, 211 Conn. App. 77, 101, 271 A.3d 1058 ("arguments cannot be raised for the first time in a reply brief" (internal quotation marks omitted)), cert. denied, 343 Conn. 924, 275 A.3d 1213 (2022), and cert. denied sub nom. *Lewis* v. *Quiros*, U.S. , 143 S. Ct. 335, 214 L. Ed. 2d 150 (2022); and at oral argument. See *Traylor* v. *State*, 332 Conn. 789, 809 n.17, 213 A.3d 467 (2019) ("[r]aising a claim at oral argument is not . . . a substitute for adequately briefing that claim").

Last, the petitioner's counsel argued at oral argument before this court that the petitioner was "not a highly intelligent individual" and that he did not have the "wherewithal" to file the petition on his own. The petitioner did not, during his habeas trial, present evidence of his alleged lack of intelligence or argue that a lack of intelligence contributed to his delayed filing. We, therefore, decline to address this argument because it was not properly preserved for review. *Martinez* v. *Commissioner of Correction*, 221 Conn. App. 852, 860, 303 A.3d 1196 (2023) ("[a]ppellate review of newly articulated claim[s] not raised before the habeas court would amount to an ambuscade of the [habeas] judge" (internal quotation marks omitted)), cert. denied, 348 Conn. 939, 307 A.3d 273 (2024).

control of the petitioner or habeas counsel caused or contributed to the delay. . . . The following nonexhaustive list of factors aid in determining whether a petitioner has satisfied the definition of good cause: (1) whether external forces outside the control of the petitioner had any bearing on the delay; (2) whether and to what extent the petitioner or [his] counsel bears any personal responsibility for any excuse proffered for the untimely filing; (3) whether the reasons proffered by the petitioner in support of a finding of good cause are credible and are supported by evidence in the record; and (4) how long after the expiration of the filing deadline did the petitioner file the petition. . . .

"It is well established that for a mental disease or disorder to constitute good cause for an untimely petition for a writ of habeas corpus, a petitioner must demonstrate how [his] deficiencies contributed to the delay in filing [his] . . . habeas petition." (Citations omitted; emphasis omitted; internal quotation marks omitted.) *Canales* v. *Commissioner of Correction*, supra, 216 Conn. App. 835–36.

In the present case, the court found the petitioner's testimony as to his alleged mental deficiencies not credible for the purpose of establishing good cause, and "we must defer to the credibility findings of the habeas court based on its firsthand observation of a witness' conduct, demeanor, and attitude." *Jaynes* v. *Commissioner of Correction*, 216 Conn. App. 412, 425, 285 A.3d 412 (2022), cert. denied, 345 Conn. 972, 286 A.3d 906 (2023).

Moreover, despite the petitioner's attempt, in his appellate brief, to explain how his alleged dyslexia and ADD contributed to the delay in filing his habeas petition, he did not make such an attempt before the habeas court. During his habeas trial, the petitioner asserted only that his alleged mental deficiencies affected his

ability to read and write and to understand the legal process. The record reveals, however, that he was able to file both his first state habeas petition and his federal habeas petition as a self-represented party while struggling with the same alleged deficiencies.[6] It appears, therefore, that his alleged mental deficiencies were not so significant as to interfere with his ability to file a petition. See *Ortiz* v. *Commissioner of Correction*, 211 Conn. App. 378, 388, 272 A.3d 692 ("[i]t is unreasonable to infer that all mental deficiencies are so significant as to interfere with the ability to file a timely habeas petition"), cert. denied, 343 Conn. 927, 281 A.3d 1186 (2022). Although he testified that he had to rely on jailhouse lawyers for help filing, the record is devoid of evidence or explanation as to why his alleged mental deficiencies prevented him from utilizing these jailhouse lawyers to file the present petition earlier than he did. See *Velez* v. *Commissioner of Correction*, 203 Conn. App. 141, 147, 153, 247 A.3d 579 ("respondent argued that the petitioner's filing of his [previous] habeas actions as a self-represented party demonstrates that he was aware of how to file a [habeas] petition" and "[t]he petitioner responded that he was able to file the [previous] habeas petitions as a self-represented party only because he received help in drafting them," but court rejected petitioner's argument because he "offered no evidence as to why he was unable to obtain that same assistance in drafting and filing the [present] habeas petition prior to the . . . statutory deadline"), cert. denied, 336 Conn. 942, 250 A.3d 40 (2021). His

---

[6] The petitioner's assertion, on appeal, that he is unable to comprehend the legal system and advocate for himself is further belied by the record. The petitioner made an assertion, for example, in his amended habeas petition, that he is "usually articulate and well-spoken." The petitioner also demonstrated his ability to navigate the legal process and advocate for himself. At a hearing on July 13, 2022, where his previous habeas counsel was permitted to withdraw her appearance, the petitioner adeptly asked the court, "So, after hearing [my attorney] say . . . what she's going to do, do I need to request a new attorney or that's going to be taken care of?"

testimony that he was at the mercy of the timelines of jailhouse lawyers does not explain the significant length of his delay in filing the present petition—more than six and one-half years after a final judgment was reached in his first state habeas case and more than four and one-half years after the statutory deadline. On the basis of the foregoing, we cannot conclude that the court abused its discretion in determining that the petitioner failed to demonstrate good cause for his delay in filing the present habeas petition. Therefore, the court properly dismissed the petition in accordance with § 52-470 (d) and (e).

We note that this court has repeatedly rejected arguments, like the petitioner's, that mental deficiencies establish good cause for late filing of a habeas petition, in the absence of evidence or argument connecting those mental deficiencies with the delay in filing. See *Canales* v. *Commissioner of Correction*, supra, 216 Conn. App. 836–38 (because petitioner had "failed to provide the habeas court with any information connecting her . . . mental illness . . . with her failure to timely file her habeas petition," court did not abuse its discretion in determining that petitioner had failed to establish good cause to overcome statutory presumption of unreasonable delay); *Ortiz* v. *Commissioner of Correction*, supra, 211 Conn. App. 388–89 (rejecting petitioner's argument that his mental health issues and cognitive disabilities established good cause for late filing of habeas petition because petitioner "did not provide the habeas court with any insight into how or whether the . . . deficiencies . . . affected the filing of the petition" and because there was "no authority upon which the court was bound to infer that any deficiency documented . . . caused or contributed to the untimely filing"); *Velez* v. *Commissioner of Correction*, supra, 203 Conn. App. 146, 153 (rejecting petitioner's argument that his "working memory deficits, poor

deployment of attention, and executive dysfunction" established good cause for delay in filing his second habeas petition, because he presented no evidence of how his mental deficiencies contributed to delay in filing (internal quotation marks omitted)).

The petitioner argues that his case is distinguishable from *Canales* and *Ortiz*, because his "mental . . . deficiencies were so pronounced that he was unable to draft and file a pro se petition without . . . assistance . . . ." He also argues that *Velez* is distinguishable because the petitioner in *Velez* "had a higher level of functioning . . . ." Even assuming that these cases are distinguishable in the ways the petitioner contends, he was still required to demonstrate how his alleged deficiencies contributed to the significant delay in filing his habeas petition. See *Canales* v. *Commissioner of Correction*, supra, 216 Conn. App. 836. Given the petitioner's failure to make the requisite connection between his alleged mental deficiencies and his late filing of the present petition, we cannot conclude that the resolution of the petitioner's claims involves issues that are debatable among jurists of reason, that a court could resolve in a different manner, or that are adequate to deserve encouragement to proceed further. Accordingly, the habeas court did not abuse its discretion in denying the petitioner's petition for certification to appeal.

The appeal is dismissed.

In this opinion the other judges concurred.